UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARTINA PENA, individually and as next best friend of A.P., and ARISTEDES PENA, individually, and on behalf of the estate of ALBERTO PENA, § § § § § § Plaintiffs, § § VS. § § STARR COUNTY, TEXAS, EVELARIO § GARZA, and UBALDO SUAREZ, § § Defendant. § | CIVIL ACTION NO. 7:22-cv-00276 |

**OPINION AND SECOND
AMENDED SCHEDULING ORDER**

The Court now considers Plaintiffs' motion for leave to amend their complaint,[1] Defendants' response,[2] and Plaintiffs' reply.[3] After considering the arguments and relevant authorities, the Court **GRANTS** Plaintiffs' motion.

**I.   PROCEDURAL HISTORY**

Plaintiffs' original complaint[4] alleges that constitutional violations resulted in Alberto Pena's death in 2020 in a Starr County jail. The original complaint's factual allegations are detailed at length in this Court's November 8, 2022, Order and Opinion[5] denying all Defendants' motions to dismiss for failure to state a claim.

---

[1] Dkt. No. 27.
[2] Dkt. No. 28.
[3] Dkt. No. 31.
[4] Dkt. No. 1.
[5] Dkt. No. 23.

Plaintiffs now move to amend their original complaint, which would reshape several aspects of the lawsuit. It would add claims against Starr County sheriff's deputies Chester Cervantes, Erasmo Rios Jr., and Daniel Garcia ("Transport Defendants") for deliberate indifference to Alberto's medical needs during his transport to the jail.[6] The amendment would also add deliberate indifference claims against Starr County jail staff Hector Lopez III, Javier Gonzalez, Joel Garza, Emilio Garza, Jesus Barrera Jr., and Cesar Juarez Jr[7] (along with Ubaldo Suarez, "Jailer Defendants"). Furthermore, although it would retain the supervisory claim against Evelario Garza,[8] the amendment would drop the deliberate indifference claim against him.

## II.   LEGAL STANDARD

After the deadline to amend a pleading as a matter of course,[9] "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires."[10]

In exercising its discretion to grant or deny leave, the Court is guided by the following factors which often counsel against granting leave: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[11] However, Federal Rule of Civil Procedure 15 is biased toward the granting of amendments[12] and the Court must possess a "substantial reason to deny a party's request for leave to amend."[13]

---

[6] Dkt. No. 27-1 at 37-41.
[7] *Id.* at 41-51.
[8] *Id.* at 51-53.
[9] *See* FED. R. CIV. P. 15(a)(1).
[10] *Id.* 15(a)(2).
[11] *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir.) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), *cert. denied*, 139 S. Ct. 274 (2018).
[12] *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quotation omitted).
[13] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).

### III. ANALYSIS

Defendants make no argument that Plaintiffs have repeatedly failed to cure deficiencies, and the remaining factors will be considered in the order they are addressed in Defendants' response.[14]

#### A. *Time bar*

As a preliminary matter, Plaintiffs seek to add claims against the new defendants "solely on behalf of minor child, A.P., whose date of birth is 12/24/2016, and whose statute of limitations does not run until 12/24/2036,"[15] as opposed to relating the amendment back to the original complaint under Rule 15(c). Defendants' respond that they "do not necessarily agree [that the statute of limitations is tolled for the minor] but point to this issue for purposes of showing Plaintiff's undue delay and futility of the overall Complaint."[16]

Under Texas law, the time of minority generally tolls the limitations period.[17] Without vigorous argumentation from Defendants to the contrary, the Court does not find that the new claims are time barred as to the minor Plaintiff, and therefore will not consider the statute of limitations in its analysis of futility.

#### B. *Undue delay*

Defendants point out that they produced "all jail videos of this incident; all investigative documents of this incident; all reports from this incident; all jail intake documents from this incident; jail logs during decedent's incarceration; dash and body cam videos from the arresting officers for this incident; and autopsy and toxicology reports of the decedent" on November 23,

---

[14] Dkt. No. 28.
[15] Dkt. No. 27-1 at 1, n. 1.
[16] Dkt. No. 28 at 1, n. 1.
[17] CIV. PRAC. & REM. CODE § 16.001.

2023 (six months before Plaintiffs filed the instant motion).[18] In the meantime, Plaintiffs joined in a motion to amend[19] the Court's scheduling order and did not mention seeking an amendment in connection with that motion.

The Court agrees that a six-month delay is not insignificant and that it would have been appropriate to address the need to amend amidst the scheduling discussion. However, Defendants concede[20] that amendment at that time would not have obviated the need to amend again now; the identities and roles of Emilio Garza, Jesus Barrera Jr., and Cesar Juarez Jr. were only discovered in the recent deposition of Ubaldo Suarez.[21]

Therefore, insofar as the amendment "will re-start the clock,"[22] the same would be true if Plaintiffs had amended before. The Court does not find that further addition of the Transport Defendants and certain Jailer Defendants at this stage will cause undue delay in this case, even if they could have been added several months prior.

C. *Futility*

In arguing that amendment would be futile, Defendants conflate the elements of a *Monell* claim with those of a deliberate indifference claim. Their response states that "[t]here are absolutely no facts or allegations pled regarding prior patterns; practices or policies of a failure . . . that would constitute deliberate indifference."[23] The Court encourages counsel to review its prior Order and Opinion[24] and the cited case law[25] before lodging further attacks against the pleadings on Plaintiffs' deliberate indifference claims.

---

[18] Dkt. No. 28 at 2, ¶ 6.
[19] Dkt. No. 25.
[20] Dkt. No. 28 at 3, ¶ 7.
[21] Dkt. No. 27 at 5-6, ¶ 32. The Court does not find the deposition timing inappropriately late.
[22] Dkt. No. 28 at 3, ¶ 8.
[23] *Id.* at 4, ¶ 10.
[24] Dkt. No. 23.
[25] *See Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001)) ("To succeed on a deliberate-indifference claim, plaintiffs must show that (1) the

### D. Undue prejudice

Defendants argue amendment "would constitute undue prejudice to them, particularly in mushrooming the number of depositions; discovery; and motions necessary to get an adequate resolution" and by "balloon[ing] this lawsuit further" which could confuse a jury.[26]

That is not undue prejudice. The Fifth Circuit has found undue prejudice where a plaintiff's amendment would reopen discovery and force the defendant to prepare a new defense just two days before trial.[27] But amendment that increases the complexity of a case within the discovery period is typical. Some cases are complex, and the effort they require from the lawyers, Court, and jury does not equate to prejudice.

### E. Bad faith or dilatory motive

Defendants make little argument on this point, but state that it "is difficult to address because Plaintiffs do not really offer a 'motive' or explanation for the extended delay . . ."[28] There is no indication that the amendment is sought to harass or as a pretext to postpone the Court's deadlines, so this factor does not counsel against amendment.

## IV. CONCLUSION AND AMENDED SCHEDULING ORDER

As none of the factors nudge this Court to deny leave to amend, Plaintiffs' motion[29] is hereby **GRANTED** and the Clerk of Court is instructed to docket "Plaintiffs' First Amended Complaint"[30] as an independent entry on the Court's docket.

In consideration of the addition of new parties, the Court enters the following amended scheduling order:

---

official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference.") (internal citations omitted).
[26] Dkt. No. 28 at 1-2, 4, ¶¶ 2, 12.
[27] *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004).
[28] Dkt. No. 28 at 4, ¶ 13.
[29] Dkt. No. 27.
[30] Dkt. No. 27-1.

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Plaintiffs to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | September 8, 2023 |
| Deadline for Defendants to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | September 29, 2023 |
| Discovery deadline. | November 10, 2023 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the joint pretrial order. | November 25, 2023 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[31] | February 16, 2024 |
| Final pretrial conference and trial scheduling. | March 19, 2024, at 9:00 a.m. |

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[32] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 27th day of June 2023.

                                                  Micaela Alvarez
                                                  United States District Judge

---

[31] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).

[32] *See* FED. R. CIV. P. 16(b)(4); 6A MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Apr. 2021).