IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| MARTINA PENA, Individually and § <br> As Next Best Friend of A.P., and § <br> ARISTEDES PENA, Individually and § <br> On Behalf of the Estate of § <br> ALBERTO PENA, § <br>       Plaintiff § <br> § <br> VS § <br> § <br> STARR COUNTY, TEXAS, § <br> EVELARIO GARZA, and § <br> UBALDO SUAREZ, § <br> CHESTER CERVANTES, § <br> ERASMO RIOS JR., § <br> DANIEL GARCIA, § <br> HECTOR LOPEZ III, § <br> JAVIER GONZALEZ, § <br> JOEL GARZA, § <br> EMILIO GARZA, § <br> JESUS BARRERA JR., § <br> CESAR JUAREZ JR., § <br>       Defendants § | | C.A. NO. 7:22-cv-00276 |

**DEFENDANT STARR COUNTY, TEXAS
ORIGINAL ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT**
================================================================

May It Please The Court:

      NOW COMES DEFENDANT STARR COUNTY and files this Original Answer to Plaintiffs' First Amended Complaint (hereafter "Plaintiffs' Complaint").

### I. SPECIFIC ADMISSIONS AND DENIALS

1. With respect to the cited reference under "Plaintiffs' Original Complaint," no Rule 8 response is necessary, although DEFENDANT denies any inference that Plaintiffs' constitutional rights were deprived as alleged in the lawsuit.

2. With respect to Plaintiffs' Complaint, "SUMMARY", ¶1, DEFENDANT denies that Pena knocked himself unconscious or that deputies found him unconscious. DEFENDANT also denies

that medical care was necessary. DEFENDANT admits the primary factual allegations in the rest of the paragraph.

3.  With respect to Plaintiffs' Complaint, "SUMMARY", ¶2, DEFENDANT denies that Deputy Rios rode in the backseat of the vehicle solely to keep Pena from striking his head and denies that any police report states that. DEFENDANT denies the allegation that the alleged severity of any head striking on the window was the basis for Deputy Rios to ride in the vehicle or Deputy Cervantes to pull over. DEFENDANT also denies that medical care was necessary. DEFENDANT admits the primary factual allegations in the rest of the paragraph.

4.  With respect to Plaintiffs' Complaint, "SUMMARY", ¶3, DEFENDANT denies the factual characterizations and allegations in this paragraph, including but not limited to the allegation that Pena needed medical care; that Pena had suffered "a head injury"; that the deputies were aware or believed Pena needed medical care or had suffered a "head injury"; and that Pena had knocked himself unconscious.

5.  With respect to Plaintiffs' Complaint, "SUMMARY", ¶4, DEFENDANT denies the factual characterizations and allegations in this paragraph, including but not limited to the allegation that Pena needed medical care; that Pena had suffered "a head injury"; that the jailers were aware or believed Pena needed medical car or had suffered a "head injury"; and the characterization as to the severity of Pena striking his head on the window. DEFENDANT admits only that Pena struck his head on the plexiglass window a few times.

6.  With respect to Plaintiffs' Complaint, "SUMMARY", ¶5, DEFENDANT denies the factual characterizations and allegations in this paragraph, including but not limited to the allegations regarding the severity and number of times of Pena striking his head on the window; the allegation that Pena needed medical care; that Pena had suffered "a head injury"; that the jailers were aware or believed Pena needed medical car or had suffered a "head injury"; the allegations regarding the jailers actions and emotions; and the allegations regarding staffing at the jail at this time. DEFENDANT admits only that Pena struck his head on the plexiglass window a few times.

7.  With respect to Plaintiffs' Complaint, "SUMMARY", ¶6, DEFENDANT denies the factual characterizations and allegations in this paragraph, admitting only that Pena was placed in the wrap restraint system. DEFENDANT denies all other factual allegations and characterizations in this paragraph.

8. With respect to Plaintiffs' Complaint, "<u>SUMMARY</u>", ¶7, DEFENDANT denies the factual characterizations and allegations in this paragraph, admitting only that Marco Munoz committed suicide in the jail years prior to Pena's death. DEFENDANT denies all other factual allegations and characterizations in this paragraph.

9. With respect to Plaintiffs' Complaint, "<u>SUMMARY</u>", ¶8, DEFENDANT denies the factual and legal characterizations and allegations and characterizations in this paragraph.

10. With respect to Plaintiffs' Complaint, "<u>I. PARTIES</u>", ¶¶1-2, although no Rule 8 response is necessary, DEFENDANT admits only that Martina Pena and Aristedes Pena are named Plaintiffs in this lawsuit. DEFENDANT lacks knowledge or information sufficient to form a belief as to the familial connections between the parties, therefore denied.

11. With respect to Plaintiffs' Complaint, "<u>I. PARTIES</u>", ¶3, although no Rule 8 response is necessary, DEFENDANT admits only that it is a governmental entity and is a named party to this lawsuit. DEFENDANT denies that Plaintiffs are entitled to any relief as requested.

12. With respect to Plaintiffs' Complaint, "<u>I. PARTIES</u>", ¶¶4-5, although no Rule 8 response is necessary, DEFENDANT admits only that these individuals have been sued and made an appearance in the suit. DEFENDANT denies that Plaintiffs are entitled to any relief as requested.

13. With respect to Plaintiffs' Complaint, "<u>I. PARTIES</u>", ¶¶6-14, although no Rule 8 response is necessary, DEFENDANT admits only that these individuals have been employed by the County at some point. DEFENDANT denies all other allegations.

14. With respect to Plaintiffs' Complaint, "<u>II. JURISDICTION AND VENUE</u>", ¶¶15-16, DEFENDANT admits that the Court has subject matter jurisdiction to adjudicate federally based claims and causes of action and that venue is proper in the Southern District of Texas.

15. With respect to Plaintiffs' Complaint, "<u>III. FACTS AND ALLEGATIONS</u>", ¶17, DEFENDANT admits only that Alberto Pena died in the Starr County Jail or shortly thereafter. DEFENDANT denies all other material legal and factual allegations in this paragraph.

16. With respect to Plaintiffs' Complaint, "<u>III. FACTS AND ALLEGATIONS</u>", ¶¶18-21, DEFENDANT denies the material legal and factual allegations in these paragraphs.

17. With respect to Plaintiffs' Complaint, "<u>III. FACTS AND ALLEGATIONS</u>", ¶22, DEFENDANT admits only that this appears to be an accurate cut and paste from a Texas Commission on Jail Standards Inspection Report of Starr County jail. DEFENDANT denies any other material legal and factual allegations in this paragraph.

18. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶23-27, DEFENDANT admits only that Rene Fuentes was the Starr County Sheriff in 2018 and 2020 and that Defendants Garza and Suarez were employees of Starr County when Pena died. DEFENDANT denies all other material legal and factual allegations in these paragraphs.

19. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶28-29, DEFENDANT admits only that Marco Munoz committed suicide in the Starr County jail in 2018 and this appears to be an accurate cut and paste from a Texas Commission on Jail Standards Inspection Report of Starr County jail. DEFENDANT denies all other material legal and factual allegations in these paragraphs.

20. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶30-43, DEFENDANT admits only that Marco Munoz committed suicide in the Starr County jail in 2018. DEFENDANT denies all other material legal and factual allegations and characterizations in these paragraphs.

21. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶44-61, DEFENDANT denies Pena knocked himself unconscious or that deputies found him unconscious; denies Deputy Rios rode in the backseat of the vehicle solely to keep Pena from striking his head. DEFENDANT denies the allegation that the alleged severity of any head striking on the window was the basis for Deputy Rios to ride in the vehicle or Deputy Cervantes to pull over. DEFENDANT also denies the allegations that Pena needed medical care; that Pena had suffered "a head injury"; that the deputies were aware or believed Pena needed medical care or had suffered a "head injury" or reasonably should have been so aware and denies any legal or factual allegation that the deputies were deliberately indifferent to any serious medical need or condition.

22. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶62-75, DEFENDANT admits only that jailer Garza was involved in Pena's booking and that the cut and paste appears to be an accurate cut and paste of booking documents. DEFENDANT denies all other material factual and legal allegations in these paragraphs, including but not limited to those regarding "inferences" drawn by Plaintiffs; and those that Pena suffered "injuries".

23. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶76-104, DEFENDANT admits only that Pena banged his head against a plexiglass window and that some jailers became aware of this and checked on Pena's health and safety. DEFENDANT denies all other material factual and legal allegations in these paragraphs, including but not limited to those

stating that Pena needed medical attention; that he had a "head injury"; or that any jailer was deliberately indifferent to any serious medical needs or conditions.

24. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶105, DEFENDANT denies material legal and factual allegations in this paragraph to the extent it alleges unconstitutional policies practices or customs.

25. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶106-119, Defendant denies that Marco Munoz was unmonitored; but admits the remaining material legal and factual allegations in these paragraphs.

26. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶120-121, Defendant denies the material factual allegations.

27. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶122-123, Defendant lacks knowledge or information sufficient to form a belief regarding what specifically was going through Edgar Pena's head as to what he believes he heard and what his background knowledge as to Pena was, but denies the factual allegation that Pena was screaming for help.

28. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶124-129, Defendant denies the factual assertion in paragraph 128, but generally admits the material legal and factual allegations in the other paragraphs.

29. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶130-176 Defendant denies all material legal and factual allegations in these paragraphs other than to admit that Edgar Pena was taken back to his cell; and officers later responded to Pena's cell when he was discovered not breathing.

30. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶177-179, Defendant admits the material legal and factual allegations in these paragraphs.

31. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶180, Defendant denies the material factual and legal allegations.

32. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶¶181-182, Defendant admits the material legal and factual allegations in these paragraphs.

33. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶183-184, Defendant denies the material factual and legal allegations.

34. With respect to Plaintiffs' Complaint, "III. FACTS AND ALLEGATIONS", ¶185, Defendant admits the material legal and factual allegations in this paragraph.

35. With respect to Plaintiffs' Complaint, "<u>III. FACTS AND ALLEGATIONS</u>", ¶186-192, Defendant denies the material factual and legal allegations.

36. With respect to Plaintiffs' Complaint, "<u>IV. CAUSES OF ACTION</u>", "<u>COUNT I</u>", ¶¶193-275, DEFENDANT denies the material factual and legal allegations contained in these paragraphs and denies that Plaintiffs were deprived of any constitutional right in conjunction with any cited caselaw by Plaintiffs and denies that any form of damages are owed to Plaintiffs.

37. With respect to Plaintiffs' Complaint, "<u>IV. CAUSES OF ACTION</u>", "<u>COUNT II</u>", ¶¶276-287, DEFENDANT denies the material factual and legal allegations contained in these paragraphs, denies that Plaintiffs were deprived of any constitutional rights, and denies that any form of damages are owed to Plaintiffs.

38. With respect to Plaintiffs' Complaint, "<u>IV. CAUSES OF ACTION</u>", "<u>COUNT III</u>", ¶¶288-355, DEFENDANT denies the material factual and legal allegations contained in these paragraphs, denies that Plaintiffs were deprived of any constitutional rights, and denies that any form of damages are owed to Plaintiffs.

39. With respect to Plaintiffs' Complaint, "<u>IV. CAUSES OF ACTION</u>", "Count Four", ¶¶356-367, DEFENDANT denies the material factual and legal allegations contained in these paragraphs, denies that Plaintiffs were deprived of any constitutional rights, and denies that any form of damages are owed to Plaintiffs.

40. With respect to Plaintiffs' Complaint, "<u>IV. CAUSES OF ACTION</u>", "Count Five", ¶¶368-374, DEFENDANT denies the material factual and legal allegations contained in these paragraphs, denies that Plaintiffs were deprived of any constitutional rights, and denies that any form of damages are owed to Plaintiffs.

41. With respect to Plaintiffs' Complaint, "<u>V. PUNITIVE DAMAGES</u>", ¶¶375-377, DEFENDANT denies the material factual and legal allegations contained in these paragraphs, denies that Plaintiffs were deprived of any constitutional rights, and denies that any form of damages are owed to Plaintiffs.

42. With respect to Plaintiffs' Complaint, "<u>VI. DAMAGES</u>", ¶¶378-383, DEFENDANT denies the material legal and factual allegations contained in these paragraphs and denies that any form of damages is owed to Plaintiffs.

43. With respect to Plaintiffs' Complaint, "<u>VII. ATTORNEY'S FEES</u>", ¶384, DEFENDANT denies the material legal and factual allegations contained in this paragraph and denies that any form of damages or fees is owed to Plaintiffs.

44. With respect to Plaintiffs' Complaint, "<u>VIII. JURY REQUEST</u>", ¶385, no Rule 8 response is necessary, although DEFENDANT denies that Plaintiffs are entitled to any relief as pled.

45. With respect to Plaintiffs' Complaint, "<u>PRAYER</u>", no Rule 8 response is necessary, although DEFENDANT denies that Plaintiffs are entitled to any relief as pled.

## II. GENERAL DENIAL

46. DEFENDANT hereby generally denies all material factual and legal allegations contained in Plaintiffs' Complaint that are not specifically admitted in the foregoing paragraphs.

## III. AFFIRMATIVE DEFENSES

47. DEFENDANT hereby asserts the affirmative defense of government and sovereign immunity from any and all state, federal or common law causes of action asserted by Plaintiffs, including any claims for punitive or exemplary damages. This defense of government immunity encompasses the DEFENDANT immunity from suit, as well as immunity from liability. Further, with regard to those causes of action over which DEFENDANT has immunity from suit, the Court is without subject matter jurisdiction.

48. DEFENDANT asserts that no policy, practice, or custom exists or existed, which was the cause of any wrongful action or inaction taken with regard to the Plaintiffs, any constitutional injury, or any damages.

49. DEFENDANT also assert as a defense, the prohibition against exemplary and/or punitive damages against a governmental entity under state and federal law. This defense is an extension of the government immunity defense asserted above and as to which there exists no waiver of immunity under either state or federal law.

50. DEFENDANT also hereby asserts as a defense any statutory caps on damages as applicable under state or federal law. This defense is an extension of the government immunity defense asserted above and as to which there exists no waiver of immunity under either state or federal law.

51. DEFENDANT also hereby pleads as a defense Plaintiffs' failure, if any, to timely satisfy any and all applicable notice or other filing requirements imposed by law as a precondition to the

Court's exercise of jurisdiction over this matter, the imposition of any liability, and the award of any monetary relief.

52. DEFENDANT hereby asserts that Plaintiffs have failed to mitigate damages.

## CONCLUSION & PRAYER FOR RELIEF

THEREFORE, based on the foregoing specific denials, general denial, as well as the affirmative defenses pleaded against Plaintiffs' claims, DEFENDANT requests that upon final hearing of this case, that all relief sought by Plaintiffs be denied, and that a take nothing judgment against Plaintiffs be entered.

DEFENDANT further requests and prays that it be awarded such other and further relief, at law or in equity, to which it may show itself justly entitled.

SIGNED on the 19th day of July 2023.

                                        Respectfully submitted,

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007128
So. Dist Id No. 29288
rldrinkard@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)
**ATTORNEY FOR DEFENDANTS**

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 19th day of July 2023.

James P. Roberts                                    **By E-Filing Methods**
Scott H. Palmer
Breanta Boss
SCOTT H. PALMER, P.C.
15455 Dallas Parkway, Ste. 540
Addison, Texas 75001
Email: james@scottpalmerlaw.com; scott@scottpalmerlaw.com;
breanta@scottpalmerlaw.com
**Attorney for Plaintiffs**

By: *Robert L. Drinkard*
RICARDO J. NAVARRO
ROBERT L. DRINKARD